UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

      Petitioner,

v.

Case No. 4:04-CV-4
Hon. David W. McKeague

WILLIE O. SMITH,

      Respondent.

_____/

## ORDER

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2005, the court denied petitioner's motions for release on bond, for copies of his state trial transcripts without cost, and for issuance of a writ of habeas corpus ad testificandum to personally attend future court proceedings. The matter is now before the court on petitioner's motion for reconsideration of that order (docket no. 39).[1]

In reviewing requests for reconsideration, the court is guided by the local rule regarding motions for reconsideration, which provides:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

---

[1] Petitioner also filed objections to court's order pursuant to Fed. Rules Civ. Proc. 72(b) (docket no. 38). Petitioner's "objections" are not properly before the court, because the undersigned did not issue a report and recommendation. Accordingly, the court will view petitioner's objections as subsumed within his motion for reconsideration.

W.D. Mich. LCivR 7.4(a).  A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest.  *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).  While a district court's local rules do not confer procedural rights on the litigants, "they are judicial rules of self-governance that aid the district courts in handling the docket in an effective and efficient manner."  *Compuware Corp.*, 77 F. Supp.2d 816 at 819.  *See also Valassis Communications, Inc. v. Aetna Casualty & Surety Co.*, 97 F.3d 870, 873 (6th Cir. 1996).

Petitioner has failed to identify a palpable defect in the court's order denying his release on bond or issuance a writ of habeas corpus ad testificandum.  Accordingly, petitioner's motion for reconsideration is **DENIED** with respect to those two claims.

However, after reviewing petitioner's "[a]ffidavit in support of facts surrounding the disappearance of petitioner's transcripts and specific factual disputes," the court concludes that petitioner has remedied the defects in his initial request for copies of the trial transcripts.  Accordingly, petitioner's motion for reconsideration is **GRANTED** with respect to his request for the existing trial transcripts.  The court clerk is directed to provide petitioner with copies of Jury Trial Transcripts I and II (docket nos. 21 and 22).

**IT IS SO ORDERED.**

Dated:  August 30, 2005        /s/ Hugh W. Brenneman, Jr.
                               Hugh W. Brenneman, Jr.
                               United States Magistrate Judge