# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JEFFREY CARNEY,**

        **Petitioner,**

                                  **Case No. 4:04-CV-4**

**v.**                                      **Hon. Wendell A. Miles**

**WILLIE O. SMITH,**

        **Respondent.**

_____/

## REPORT AND RECOMMENDATION

        Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### Background

        Following a jury trial in the Muskegon Circuit Court, petitioner was convicted of assaulting a prison employee pursuant to MCL §750.197c.  The trial court sentenced him as a third-offense habitual offender, MCL § 769.11, to 43 months to 8 years' imprisonment.

        Petitioner filed an appeal in the Michigan Court of Appeals raising two issues:

I.      Did the trial court err in denying [petitioner's] motion for a mis-trial, when the jury observed the corrections officer handcuff [petitioner] in the presence of the jury?

II.     Must [petitioner's] conviction be reversed, because the prosecutor in his closing arguments told the jury that [petitioner] was a liar?

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Carney*, No. 226947 (Mich. App.) (March 22, 2002) (docket no. 24).

Petitioner raised issues I and II in his delayed application for leave to appeal to the

Michigan Supreme Court as well as seven new issues:

    I.      Did the trial court err in denying [petitioner's] motion for a mis-trial, when the jury observed the corrections officer handcuff [petitioner] in the presence of the jury?

    II.     Must [petitioner's] conviction be reversed, because the prosecutor in his closing arguments told the jury that [petitioner] was a liar?

    III.    Did the trial court [err] when it allowed in a criminal prosecution evidence gathered by an agency rather [than] a law enforcement agency when it convicted [petitioner] on a Michigan Department of Corrections hearing investigator's hearing packet?

    IV.    Did [the] prosecutor's error cause [petitioner] a miscarriage of justice when he failed to produce at [petitioner's] trial all res gestae witnesses?

    V.     Did [the] trial court [err] when it failed to question potential jurors about their attitude towards self-defense in a prison assault case where the defense presented a self-defense strategy?

    VI.    Did [the] court appointed attorney [err] by not impeaching the [state's] witnesses after Michigan Department of Corrections Officers continued to conflict each other's statements and offered inconsistent statements at trial?

    VII.    Was court appointed attorney ineffective at [petitioner's] trial where multiple deficiencies occurred in his representation of [petitioner], which caused prejudice to [petitioner]?

    VIII.    Did [the] prosecution [err] when it gave the prosecutor's witnesses preferential treatment by removing the state's prisoner's witness restraints and not [petitioner's] restraints?

    IX.    Did [the] trial court [err] when it failed to change the venue when the jury pool for Muskegon County is tainted, when law enforcement and Michigan Department of Corrections families and friends are from the same county that has three prisons?

The Michigan Supreme Court denied the delayed application for leave to appeal. *People v. Carney*,

No. 121503 (Mich. Oct. 29, 2002) (docket no. 25).

Petitioner filed a motion for relief from judgment pursuant to MCR 6.500 *et seq.*, which the trial court denied on January 3, 2003. *People v. Carney*, Muskegon Circuit Court, No. 99-44092-FH (docket no. 26). The trial court denied the motion for the following reasons:

> All of the issues raised in the motion except for ineffective assistance of appellate counsel, could have been raised in [petitioner's] appeal. [Petitioner] contends that appellate counsel was ineffective because he failed to raise the issue of ineffective assistance of trial counsel. It is alleged that the trial counsel was deficient in failing to present certain questions on voir dire, failing to impeach witnesses, failing to seek a dismissal because of the absence of a state police investigation, failing to object to prosecutorial misconduct, and failing to move for a change of venue.
>
> Assuming, for the sake of this opinion, that [petitioner] has shown good cause for the failure to raise these issues on appeal, [petitioner] has failed to demonstrate that, but for the alleged errors, [petitioner] would have had a reasonably likely chance of acquittal. Nor has [petitioner] demonstrated that the alleged irregularities were so offensive to the maintenance of sound judicial process that his conviction should be overturned. The evidence of [petitioner's] guilt was abundant in this case. It plainly appears from the face of [petitioner's] materials submitted for this motion that he is not entitled to the relief requested. The motions for relief from judgment and evidentiary hearings are DENIED.

*People v. Carney*, Muskegon Circuit Court, No. 99-44092-FH (Order, Jan. 3, 2003).

Petitioner raised four issues in his delayed application for leave to appeal to the Michigan Court of Appeals:

I. [Does] a criminal defendant have a constitutional right to the effective assistance of counsel at trial?

II. [Does] a criminal defendant have a constitutional right to the effective assistance of counsel on an appeal of right?

III. [Does] a criminal defendant have a constitutional right to the [compulsory] process of having a res gestae witnesses in his criminal defense?

IV. Did the cumulative effect of the errors deny [petitioner] a fair trial?

*People v. Carney*, No. 247364 (Mich. App.) (docket no. 26).

The Michigan Court of Appeals dismissed petitioner's appeal without prejudice as follows:

> The delayed application for leave to appeal and motion to remand are DISMISSED for failure to pursue the case in conformity with the rules. MCR 7.201(B)(3) and 7.216(A)(10). The Clerk of this Court provided notice regarding the nature of the defects in this filing, and the defects were not corrected in a timely manner. Dismissal is without prejudice to filing a delayed application for leave to appeal that satisfies all the filing requirements under MCR 7.205.

*Id.*, (Order, May 20, 2003). The record reflects that petitioner did not re-file a proper delayed application for leave to appeal in the Michigan Court of Appeals, but simply filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied petitioner's application to appeal the May 20, 2003 order of dismissal "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Carney*, No. 124105 (Mich. Oct. 31, 2003) (docket no. 27).

Now, petitioner has raised six issues in his petition for federal habeas relief:

I.    Trial court erred in denying [petitioner's] motion for mis-trial [after a juror allegedly observed him in handcuffs].

II.   Prosecutor denied [petitioner] [the] right to [a] fair trial by [repeatedly] calling [petitioner] a liar.

III.  [Petitioner] has a constitutional right to the effective assistance of counsel at trial.

IV.   [Petitioner] has a constitutional right to effective assistance of counsel on appeal of right.

V.    [Petitioner] has constitutional right to res gestae witnesses in his criminal defense.

VI.   Cumulative effect of the errors [denied] [petitioner] a fair trial.

Petition (docket no. 1).

4

**Discussion**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). In the present case, petitioner failed to exhaust all of his state remedies with respect to his habeas claims.

Petitioner has fully exhausted issues I and II in the Michigan appellate courts. *See People v. Carney*, No. 226947 (Mich. App.) (March 22, 2002). However, plaintiff failed to exhaust issues III, IV, V and VI. Plaintiff raised the latter four issues in his motion for relief from judgment pursuant to MCR 6.500 *et seq.* The trial court denied these motions. *People v. Carney*, Muskegon Circuit Court, No. 99-44092-FH (Order, Jan. 3, 2003). The Michigan Court of Appeals dismissed his appeal of the Muskegon Circuit Court's order without prejudice for failing to comply with two court rules, MCR 7.201(B)(3) (allowing dismissal of an appeal when the appellant has failed to file the required documents, transcripts or fees) and MCR 7.216(A)(10) (providing for the dismissal of an appeal because the appellant failed to pursue the case in conformity with the rules). *People v. Carney*, No. 247364 (Mich. App.) (Order, May 20, 2003). The Michigan Court Appeals invited petitioner to obtain the required documents and re-file his claim, stating that the "[d]ismissal is without prejudice to filing a delayed application for leave to appeal that satisfies all the filing

5

requirements under MCR 7.205." *Id.* However, petitioner failed to refile his appeal, and sought a review by the Michigan Supreme Court. The Michigan Supreme Court considered the only issue before it, i.e., petitioner's appeal of the May 20, 2003 order. *People v. Carney*, No. 124105 (Mich. Oct. 31, 2003). In summary, neither the Michigan Court of Appeals nor the Michigan Supreme Court addressed the four issues raised in petitioner's motion for relief from judgment.

Based upon this record, petitioner has not exhausted the four claims raised in his motion for relief from judgment to the Michigan appellate courts. However, he still has an opportunity to exhaust these claims. Petitioner appealed the January 3, 2002 order pursuant to MCR 7.205, which allows parties to seek leave for a discretionary appeal. *People v. Carney*, No. 247364 (Mich. App.) (Order, May 20, 2003); MCR 7.205. The Michigan Court of Appeals invited petitioner to refile his appeal, but he declined. Because the time limits set forth in MCR 7.205 are not jurisdictional, petitioner may still refile his appeal of the Muskegon Circuit Court's order. *See Cipri v. Bellingham Frozen Foods, Inc.*, 213 Mich. App. 32, 39-40; 539 N.W.2d 526 (1995) ("this Court possesses jurisdiction to consider cases on leave granted even when the time requirements are not met").

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In the present case, petitioner has at least one available procedure to re-file his appeal of the Muskegon Circuit Court's January 3, 2003 order in the Michigan Court of Appeals. Although petitioner may have exhausted two of his habeas claims in the state courts, his failure to exhaust all of his claims requires dismissal of the entire petition without prejudice. In *Rose v. Lundy*, 455 U.S. 509 (1982), the

Supreme Court considered a "mixed petition" including exhausted and unexhausted claims, and stated:

> In this case we consider whether the exhaustion rule in 28 U.S.C. §§ 2254 (b), requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts.  Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510 (emphasis added).  Thus, even though the petition in this case includes "exhausted" claims, the petition is properly dismissed in its entirety.

## Recommendation

I respectfully recommend that petitioner's habeas petition be dismissed without prejudice.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  February 13, 2006                   /s/ Hugh W. Brenneman, Jr.
                                            Hugh W. Brenneman, Jr.
                                            United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).